FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 16 AM 9: 58

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROBERT MOSS JR.

v.                    497CV108
                      491CR176

UNITED STATES

## ORDER

### I. BACKGROUND

Robert Moss Jr. was convicted and sentenced in this Court on gun, drug, and other charges. 497CV108 doc. # 18 at 1-2. In 1992 he moved for a new trial under F.R.Cr.P. 33, citing new evidence. In the alternative, he moved the Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *Id.* at 2. There he advanced a *Brady* violation, *see Brady v. Maryland*, 373 U.S. 83 (1963), which the Court rejected on the merits, and the Eleventh Circuit affirmed. *U.S. v. Newton*, 44 F.3d 913 (11th Cir. 1994).

In 1997 Moss filed a § 2255 motion that this Court denied as successive. *Id.* at 3-5; doc. ## 1, 23, 24. Moss persisted, however, and years later this Court explained why intervening U.S. Supreme Court precedent illuminated this Court's procedural error in denying his 1997-filed motion as successive. That, in turn, authorized Moss to litigate his 1997-filed, § 2255 motion on the merits, so the Court directed him to file a supporting brief. Doc. # 61 at 6.

Because Moss was, for all intents and purposes, starting over again with his § 2255 motion, the Court referred it to the Magistrate Judge (MJ) for processing through the standard Report and Recommendation (R&R) route that § 2255 motions normally take. Doc. # 66 at 2. After denying Moss's ensuing requests for discovery, doc. # 77, the MJ issued an R&R (doc. # 78), which this Court adopted, doc. # 85, denying Moss relief.

Moss now appeals, applies for a Certificate of Appealability (COA), and moves for leave to appeal in forma pauperis (IFP). Doc. # 86.

### II. ANALYSIS

Moss's IFP motion is examined under the pre-PLRA version of 28 U.S.C. § 1915. *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). That means he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Moss's COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't. of Corr.*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Gordon v. Sec'y Dep't of Corr.*, ___ F.3d ___, 2007 WL 609788 at * 1 (11th Cir. 3/1/07).

The MJ reasoned, and this Court agreed, that many of Moss's claims were new and untimely; he had not raised them in his 1997 motion. The Court had erred in denying Moss's 1997 motion as successive, so it granted him leave to litigate *those* claims. Doc. # 78 at 11-12, 15. Hence, the MJ reasoned, Moss's "new" claims are untimely or procedurally barred. *Id.* at 16-26.

In challenging this result on appeal, Moss must present this Court with a brief preview of his appellate issues so that the Court can decide whether he meets the above-stated COA criteria. Moss's COA issues are best understood by briefly reviewing the facts of this case:

In [9/91], a federal grand jury indicted seventeen individuals as members of a crack cocaine distribution conspiracy who acted under the direction of and in concert with Ricky Maurice Jivens. The conspiracy's genesis was in late 1988. The locally notorious street-level crack gang routinely employed violence and was responsible for many homicides and aggravated assaults in Savannah[, Georgia]. To insure loyalty and to prevent members from readily turning on their former confederates, Ricky Jivens insisted on all of the principals' "getting down," that is, killing someone before receiving any sizeable quantity of "fronted" cocaine. The Jivens organization was equally murderous in dealing with people who owed them money, stole from them or sought to, in Ricky Jivens' words, "switch out."

*Newton*, 44 F.3d at 917 (footnote omitted). As the *Newton* court further explained, the authorities (using informants) infiltrated the group, arrested Moss (among others), a jury convicted him and this Court ultimately denied his Rule 33 motion -- a ruling Moss challenged on direct appeal. *Id.* There Moss argued

> that after trial it was ascertained that the testimony of a juvenile witness, identified as CJR, was in all likelihood perjurious concerning Moss' involvement in the murder of indicted drug dealer Antonio Anderson. CJR testified that he heard Moss' voice inside the drive-by car from which the fatal bullets were fired. CJR testified that Anderson was shot by two automatic weapons, a Tech-9 and an AK 47, from a distance of ten to fifteen feet. This testimony was later proved incorrect. After trial, Savannah Police Department homicide records and Georgia Bureau of Investigation crime lab reports were discovered in the Government's possession by defense attorneys preparing for another case. These documents suggested that Anderson was shot at close range, six to eighteen inches, and died from gunshot wounds from a .38 or .357 pistol, not an automatic weapon. CJR also testified that Anderson was shot about 11:00 p.m. when the actual time of death was shown by the autopsy report and Savannah homicide records to be many hours earlier.

*Id.* at 917-18 (footnotes omitted). Had this Court corrected the *Brady* error in time for trial, the *Newton* court concluded, "it would *not* have changed the verdict." *Id.* at 918 (emphasis added). That court elaborated:

> This record does *not* display intentional concealment; the information in question was *not* in the possession of Government counsel. It is *not* clear that more diligence would have discovered the material. It would have shown CJR's testimony about the Anderson murder to have been inaccurate in several respects. Moss was *not* charged with Anderson's murder, but the inaccuracy would have been admissible for impeachment. However, considering the entire record, we conclude that the omission was *not* material in the [impeachment] sense. Its suppression does not "undermine confidence in the outcome of the trial." The record is replete with proof of Moss' involvement on the four counts on which he was charged without regard to CJR's testimony. We therefore conclude that the district court did not abuse its discretion in denying Moss' motion for a new trial.

*Id.* at 919 (footnote omitted; emphasis added).

2

Moss's first COA ground is "Whether the government committed prosecutorial misconduct during grand jury proceedings when insidiously poisoning federal grand jury proceedings with uncharged/false acts of violence which ultimately led jurors to return indictment on impermissible grounds." Doc. # 86 at 2.

Moss does not develop this COA ground in any way. For example, he does not cite to evidence in the record and argue that such quantity of "poison" undermined basic due process minima. In the adopted R&R this Court ruled that Moss has failed to show how the government's grand jury presentation prejudiced him or otherwise abused the grand jury process, but merely served to enlighten that jury as to the true nature of the Jivens organization. Doc. # 78 at 16-18.

Moss does not contend that the ruling was erroneous; he simply restates his § 2255 claim. That obviously does not constitute "both a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc) (emphasis added), *aff'd on other grounds*, *Gonzalez v. Crosby*, 543 U.S. 1086 (2005).

Moss next raises this COA ground: "Whether the government committed prosecutorial misconduct when they knowingly allowed false material testimonial evidence to be introduced from key witness implicating Appellant in uncharged murder, failed to correct it when it surfaced, and improperly committed on same during closing arguments." Doc. # 86 at 2. Again, other than supplying some case cites, Moss does not develop this issue, much less show how it meets the COA standard. For that matter, he merely restates an argument (the "CJR matter") thoroughly addressed by *Newton* and the R&R, doc. # 78 at 19-13, then fails to even hint at how he will show F.R.Civ.P. 61-

level error on appeal.

The remainder of Moss's COA proceeds on the same pattern, and thus warrants the same result here. The Court does note, however, that Moss seeks to preserve for future litigation possibilities his "*Booker*" claim, and he correctly concedes that must overcome § 2255 ¶ 6's one-year limitations period on that score. Doc. # 86 at 4; *U.S. v. Booker*, 543 U.S. 220, 264-65 (2005) (the U.S. Sentencing Guidelines are invalid under prior precedent's interpretation of the Sixth Amendment, but no error occurs if the Guidelines operate as an advisory component in the sentencing process).[1]

### III. CONCLUSION

Accordingly, the Court **DENIES** Robert Moss Jr.'s COA/IFP motion. Doc. # 86.

This 16 day of April, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even if it could be said that Moss did timely raise this claim, its viability is highly doubtful -- he does not dispute that he presents it on collateral review. *See Whorton v. Bockting*, 127 S.Ct. 1173, 1180-81 (2007) (rule announced in United States Supreme Court decision may be applied in other cases on both direct and collateral review, if it is an "old rule" dictated by existing precedent; however, new rule is generally applicable only to cases that are still on direct review); *Humphrey v. U.S.*, 2007 WL 805455 at * 7 n. 2 (E.D.Mo. 3/14/07) (unpublished).